IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**JERMAINE MOYE**

      Plaintiff(s),

CASE NO:

Vs

**BAKER ORLANDI VENTURES, LLC d/b/a
PARTNER FIRST, BILLY BAKER, and
RAYMOND ORLANDI.**

      Defendant(s).
_____/

**ORIGINAL COMPLAINT**

COMES NOW, the Plaintiff, JERMAINE MOYE, by and through his undersigned attorney, and brings this action against Defendants BAKER ORLANDI VENTURES, LLC d/b/a PARTNER FIRST, RAYMOND ORLANDI, and BILLY BAKER, pursuant to the Florida Statute 95.11(2)(b), "Contracts" and the Civil Rights Act of 1866 (Equal Rights Under Law) and 42 U.S.C. § 1981.

**A. Jurisdictional Statement**

1. The U.S. District Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331.

2. That the federal question involved in this case arises under the Civil Rights Act of 1866, 42 U.S.C. § 1981 ("Equal Rights Under Law"). A supplemental state action is herein asserted pursuant to Fla. Stat. 95.11(2)(b), for breach of contract.

3. That the Plaintiff is a resident of Pittsburg, Pennsylvania.

4.      That the Defendant is a private corporation that is registered in the State of Florida, Department of State, and having a principal office located at

> Baker Orlandi Ventures, LLC D.B.A. Partner First
> Raymond Todd Orlandi, Managing Partner
> 711 Mecca Drive, Sarasota, FL 34234

The Florida Registered Agent is located at: 4422 65th Terrace East, Sarasota, Florida 34243.

5.      The parties entered into a contract which expressly vested jurisdiction over that contract in a court of competent jurisdiction within the State of Florida, to wit:

> This agreement shall be governed by the State of Florida. Any controversy or claim arising out of or relating to this agreement, or the breach thereof, and which is not settled between the signatories themselves, shall be settled by arbitration in accordance with the rules of the American Arbitration Association, with hearings to take place in County, Florida at a mutually agreed time and place. Any judgment rendered by the Arbitrator may be entered in any court having jurisdiction thereof including the award to aggrieved signatory (ies), their heirs and /or designees, such award being related to the remuneration received as a result of business conducted with parties covered by this agreement, plus all court costs, attorney fees, and other charges and damages deemed fair by the Arbitrator(s).

6.      In October 2020, the Plaintiff Jermaine Moye filed complaint for arbitration with the American Arbitration Association. However, the Defendants failed, or refused, to answer the complaint and the American Arbitration Association "sanctioned" the Defendants through releasing the Plaintiff Moye from the said arbitration clause, thus authorizing the Plaintiff to sue the Defendant in a court of competent jurisdiction in Florida.

7.      That the Defendant breached its contact with the Plaintiff through withholding his commissions from sales, and because of the Plaintiff's race.   **Exhibit A**.

6.      The parties have engaged in pre-litigation grievance communications regarding the Plintiff complaints of racial harassment and discriminatory treatment, and breach of contract, since 2019

and through 2020. This lawsuit has been filed only as a last resort and in good faith on the part of the Plaintiff.

## STATEMENT OF FACTS

### Introduction

7.      Plaintiff Jermaine Moye is an African American gentleman. He is an small business owner, self-employed, and the owner of an LLC called Elite Elevation.

8.      The Defendant is a Florida corporation, having one of its named partners (Raymond T. Orlandi) as its registered agent and resident of Sarasota, Florida.

9.      The Defendant's second named partner is Billy Baker, who is a resident of Crestwood, Kentucky. Both Messrs. Orlandi and Baker are white gentlemen.

10.     The parties entered into a service contract**. Exhibit A**.

11.     The Defendants employ from between 5 and 7 persons throughout the continental United States, and they have independent contractors, such as the Plaintiff, and connections or service agreements with labs and facilities throughout the United States.

12.     Plaintiff Moye worked as "Pharmacy Recruiter" for the Defendant.   He was not an "employee" but a contractor, or independent contractor.   Plaintiff Moye was never given a specific title, but Defendant Baker has referred to Moye as a recruiter through both via telephone and emails. Plaintiff Moye's role was to simply find pharmaceutical laboratories that accepted business and set up calls for the Defendant Partner First.

13.     The Defendant agreed to pay Plaintiff Moye various commissions, as follows:

> "The commission structure will be as follows: 45% of net collections from pharmacy (processed by partner pharmacies) on accounts sold by party. Payments

will be remitted on the 3rd and 18th of each month or the first business day after these dates. These payments will be based on any and all insurance payments collected by partner pharmacies within the calendar and between commission payments within that month."

14. The Defendant, however, failed to remit Plaintiff Moye's commissions from contracts or deals reached with the following Pharmacy representatives:

    A. Acadian

    B. Pinnacle

    C. Vitas

    D. Lexor

    E. Mission laboratory

    F. Specialty labs

    G. Universal clinical lab

    H. Natural state lab

    J. CLIO lab

    K. OxyGen Labs

15. In addition, Plaintiff Moye referred the following Pharmacy Representatives to the Defendant Partner First:

    A. Doug Harris

    B. Nick Reisinger

    C. Jameel Bennett

    D. Tony Richardson

E. Billy Taylor(lab owner)Vitas

F. Jeff Roma

G. Jeff Wells

H. Joseph Johnson

I. Khary Davis

J. Malcolm Bracey

K. Fabian Esponosa

L. Yatra Moscarino

M. Joseph Johnson

N. Lauren Castro

O. Matt Denomme

P. Jeremy Richey

Q. Sam Zimmerman

R. Solei Dyment

S. Norm Williams

T. Dan Bacon

The Pharmacy Representatives consummated contracts with Partner First, resulting in "sales," whereby the Defendant owed, but refused to pay, a commission to the Plaintiff Moye.

16. In addition, Plaintiff has sent several other Pharmacy Representatives to the Defendant Partner First, for whom an "accounting" is necessary in order to ascertain whether sales were

made, and whether Plaintiff Moye is owed any commissions from those sales. These accounts/ Pharmacy Reps include, but are not limited to, the following:

- A. Kurt Hite
- B. Mark Agius
- C. Steve bolin
- D. Dr Mel colon
- E. Brad Landrum
- F. Patrick fountain
- G. Brian Nash
- H. Mike D'Ascoli(Curt connecticut)progressive laboratories
- I. Kurt Davis
- J. Paul Sweeney
- K. Steve Tobin
- L. Robbie white
- M. Dan Boone
- N. Kent Courtney
- O. Jay Brooks
- P. Ted Stanley
- Q. Mike Demaria
- R. Dr mitsos
- S. Josh lambert
- T. Sara Searcy

    U.    Steve Bolin

    V.    John Badger

## COUNT I.    State Claim: Breach of Contract

17. The Plaintiff hereby restates paragraphs 1 through 16 in this count.

18. The Plaintiffs and Defendants made a written contract. **Exhibit A**.

19. The Defendants have withheld the Plaintiff's commission violation of Florida statutory law, to wit: Fla. Stat. 95.11(2)(b).

20. WHEREFORE, the Plaintiff demands:

    A.    Trial by Jury.

    B.    Judgment against the Defendants for compensatory and punitive damages—joint and several liability.

    C.    Affirmative Action, as deemed appropriate by the Court.

    D.    Injunctive Relief, as deemed appropriate by the Court.

    E.    Attorney's fees and costs.

    F.    For whatever additional relief as is deemed just and appropriate by this honorable Court.

## COUNT II    Federal Claim: Deprivation of Civil Right to Make and Enforce Contracts

21. The Plaintiff hereby restates paragraphs 1 through 20 in this count.

22. The Plaintiffs and Defendants made a written contract. **Exhibit A**.

23. The Plaintiff is black/ African American, and the Defendants are white/ Caucasian. The

Defendants discriminated against the Plaintiff, by treating him far less favorably than his similarly-situated white co-workers/ co-recruiters, when the Defendants failed, and refused, to disburse, to the Plaintiff's commission, because he is black.

24..   WHEREFORE, the Plaintiff demands:

   A.   Trial by Jury.

   B.   Judgment against the Defendants for compensatory and punitive damages—joint and several liability.

   C.   Affirmative Action, as deemed appropriate by the Court.

   D.   Injunctive Relief, as deemed appropriate by the Court.

   E.   Attorney's fees and costs.

   F.   For whatever additional relief as is deemed just and appropriate by this honorable Court.

   /s/ Roderick O. Ford

   Roderick O. Ford
   FBN: 0072620
   The PMJA LEGAL DEFENSE FUND, INC.
   C/o The Methodist Law Centre
   400 N. Ashley Drive
   Suite 1900
   Tampa, Florida 33602
   (813) 223-1200
   (813) 223-4226 facsmile
   admin@methodistlawcentre.com

# Baker Orlandi Ventures D.B.A. Partner First

**COMMISSION AGREEMENT WITH NON-CIRCUMVENTION NON-DISCLOSURE AGREEMENT**

THIS MUTUAL COMMISSION, NON-CIRCUMVENTION, and NON-DISCLOSURE AGREEMENT ("Agreement") is made by and between Baker Orlandi Ventures, LLC D.B.A. Partner First and Elite Elevation, LLC.  The names listed above shall each constitute a "party" when hereinafter defined individually, and shall jointly constitute the "parties" when hereinafter defined collectively.

In consideration of the mutual promises of the parties as embodied in this Agreement, the parties' past and ongoing discussions and any access to Confidential Information before or after the execution of this Agreement, and in reliance upon the following undertakings, the parties consent to be bound by the terms of this Agreement.

1. The parties contemplate developing a business relationship and wish to explore the possibility of executing certain related business transactions between them for mutual benefit.  Each party has disclosed or may disclose to the other party Confidential Information, as defined below in Section, in connection with such potential business relationship and such potential transactions.  The purpose of this Agreement is to: (i) assure the protection and preservation of the confidential and proprietary nature of information that each party has disclosed or may disclose to the other party; and (ii) prevent the unfair circumvention by one party of the other party in connection with the development of any related business opportunity; and (iii) agree upon a commission structure between parties.

2. The commission structure will be as follows: 45% of net collections from pharmacy (processed by partner pharmacies) on accounts sold by party.  Payments will be remitted on the 3rd and 18th of each month or the first business day after these dates.  These payments will be based on any and all insurance payments collected by partner pharmacies within the calendar and between commission payments within that month.

3. We, the undersigned, hereby mutually and irrevocably agree not to divulge each other's named sources and not to circumvent either directly or indirectly, the relationships that each party has with their named sources, principals, clients, agents, brokers, and associates.

4. By signature below and execution of this agreement, each of the named signatories, separately and individually, and their associates confirm that any corporation, organization, firm, company or individual of which the signatory(ies) is a party to, member of, principal agent for, employee of or otherwise would benefit financially from an association, is bound by this agreement.

5. This agreement is a perpetuating guarantee for THREE (3) YEARS from the date affixed below and is to be applied to any and all transactions entertained by the signatories including subsequent renewals, extensions, renegotiations, additions, roll-overs or any parallel or third party agreements of the same including transactions which involve parent, subsidiary, and / or companies or entities. It also covers the initial transaction, regardless of the success of the project.

6. The Independent Contractor and/or employee agrees not to divulge information about the laboratory without prior consent to do so by Baker Orlandi Ventures.`

Initial _____ Initial_____

7. Should circumvention be attempted, in addition to other legal remedies, fee or compensation equal to those paid, committed or agreed to be paid per unit in the original agreement(s) are due and payable.

8. This agreement shall be governed by the State of Florida. Any controversy or claim arising out of or relating to this agreement, or the breach thereof, and which is not settled between the signatories themselves, shall be settled by arbitration in accordance with the rules of the American Arbitration Association, with hearings to take place in County, Florida at a mutually agreed time and place. Any judgment rendered by the Arbitrator may be entered in any court having jurisdiction thereof including the award to aggrieved signatory (ies), their heirs and /or designees, such award being related to the remuneration received as a result of business conducted with parties covered by this agreement, plus all court costs, attorney fees, and other charges and damages deemed fair by the Arbitrator(s).

9. This agreement shall be binding on the parties hereto: their principals, employees, representatives, agents, assigns, consultants, heirs, successors, clients, associates, contracts, suppliers pertaining to present and future business and / or contracts.

10. It is understood that this agreement is a reciprocal one between the signatories concerning their privileged information and contacts.

11. If any provision of this Agreement shall be held to be invalid, void or unenforceable, the remainder of the provisions hereof shall remain in full force and effect and this agreement shall be construed as if such invalid, void, or unenforceable provision had not been contained herein.

AGREED TO AND ACCEPTED:

Elite Elevation, LLC

BY:_____     DATED:_____

TITLE: _____

ADDRESS:_____


AGREED TO AND ACCEPTED:

Baker Orlandi Ventures, LLC D.B.A. Partner First

711 Mecca Drive, Sarasota, FL 34234

Raymond Todd Orlandi, Managing Partner


BY:_____     DATED:_____

2

3